

**DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

2210

| STATE OF OKLAHOMA | | **CF-2022-2210** |
|---|---|---|
| Plaintiff, | | |
| vs. | CF-2022 | FILED IN DISTRICT COURT OKLAHOMA COUNTY |
| JESSE KIGHT | | MAY 17 2022 |
| Defendant. Coyle | | RICK WARREN COURT CLERK |
| | INFORMATION | 19_____ |

David W. Prater, the District Attorney of Oklahoma County, Oklahoma, informs the District Court, that:

Count 1: On or about the 26th day of December 2021, the crime of Falsifying a Record was feloniously committed in Oklahoma County, Oklahoma, by JESSE PAUL KIGHT, who willfully and knowingly falsified the records of required inmate welfare checks by recording false times and purported activity of JESSE PAUL KIGHT, who was then acting under the authority of the Oklahoma County Criminal Justice Authority, contrary to the provisions of Section 461 and 462 of Title 21 of the Oklahoma Statues, and against the peace and dignity of the State of Oklahoma

Count 2: On or about the 26th Day of December, 2021, the crime of Omission to Perform a Duty was unlawfully committed in Oklahoma County, Oklahoma, by JESSE PAUL KIGHT, a person holding a position of public trust, who willfully and intentionally failed to make required inmate welfare checks on inmates held in the custody of the Oklahoma County Detention Center, contrary to the provisions of Section 581 of Title 21 of the Oklahoma Statues, and against the peace and dignity of the State of Oklahoma

Respectfully Submitted,
**DAVID W. PRATER**
**DISTRICT ATTORNEY**

_____
DAVID W. PRATER, OBA #15496
DISTRICT ATTORNEY

CKR 05/16/22

## WITNESSES

Daniel Lazar, #20120
Oklahoma County Sheriff Office
2101 N.E. 26th Street
Oklahoma City, OK 73111

Curtis Whittington, #39498
Oklahoma County Detention Center
201 N. Shartel
Oklahoma City, OK 73102

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA<br>*Plaintiff,*<br><br>Vs.<br><br>Kight, Jesse Paul<br>*Defendant.* | )<br>)<br>)<br>) Case No.<br>)<br>)<br>) |

## PROBABLE CAUSE AFFIDAVIT FOR ARREST WARRANT

I, Investigator Daniel Lazar, your Affiant, a Certified peace officer in the State of Oklahoma and employed by the Oklahoma County Criminal Justice Authority as a Criminal Investigator, due attest to the following facts as true and correct to the best of my knowledge and belief. The undersigned Affiant believes that probable cause exists for the arrest of the below named subject for the below listed crime(s) committed on the below listed date(s).

**Name:** Kight, Jesse Paul
**DOB:** 11/20/1993
**Race/Sex:** W/M
**H/W:** 508/188
**Address:** 10613 SW 36th St
**City:** Yukon
**State:** Oklahoma 73099

---

**Offense Address:** 201 N. Shartel
**Offense City, State:** Oklahoma City, Ok 73102
**Offense Date:** 12/26/2021

**Offense(s) Committed/ Anticipated Charge(s):**
1. O.S. Destruction or Falsification of Records
2. O.S. 21-580 Willful Neglect of Duty

**Facts & Circumstances that support probable cause to arrest the above named subject are:**

On 12/25/2021 and 12/26/2021 at 201 N Shartel Oklahoma City, Ok 73102, at the Oklahoma County Detention Center the following event occurred.

On 12/25/2021 Officer Jesse Kight arrived for his shift at approximately 1800 hours. Officer Kight's assigned duty shift was from 1800 hours until 0600 hours on 12/26/2021. Officer Kight was assigned to the 12th Floor at the Oklahoma County Detention Center. Officer Kight's job description on this night was 12th floor rover. Rover's duties include, but are not limited to, conducting sight checks on each inmate cell every thirty minutes. A sight check consists of a visual inspection of the inmates to observe movement and breathing.

Officer Kight left his assigned post during his shift on 12/26/2021 at 0006 hours, and he did not return to the 12th Floor until 0302 hours, but does not enter the pods; missing sight checks during his absence. A

subsequent interview with his supervisor revealed he had not been reassigned or given orders to leave his post. Officer Kight left the 12th Floor again at 0314 hours and he returned to the 12th Floor at 0345 hours with a food cart. At 0413 hours Officer Kight entered Charlie Pod, and began passing breakfast trays to the cells. At 0421 hours Officer Kight attempted to serve breakfast to cell number twenty-three (23) and discovered inmate Yalartai, Gabriel (an inmate with known declining mental health issues) hanging dead from the air vent. According to a review of the Avigilon surveillance footage, Officer Kight did not conduct any sight checks during his shift.

Officer Kight, after the discovery of inmate Yalartai, forged the log books by hand writing in the sight check entries which had not occurred. I reviewed the Avigilon Surveillance Camera System, and I discovered Officer Kight did not conduct any complete sight checks during his shift. He can be seen once at 1830 hours on the pod with medical staff; assisting med pass with a couple of cells, but no complete sight checks were conducted.

During my interview of Officer Kight, he admitted he was not present at his assigned post, and had instead went to jail receiving and other floors for several hours in lieu of performing his assigned duties. Officer Kight was not directed by a supervisor to assist in receiving, and did not make arrangements to have another Detention Officer cover his sight checks when he abandoned his post. A review of the logbook shows a series of un-initialed handwritten sight check entries during the time of Kight's shift, which matched Kight's writing in the logbook during previous shifts. However, Officer Kight was not observed on camera conducting the sight checks which he indicated he conducted in the log book. Officer Kight admitted he sometimes went back and added his name to sight check towards the end of his shift.

_____
(SIGNATURE OF AFFIANT)

Subscribed and sworn to before me this 2nd day of May 20 22
My Commission Number: 21004823
My Commission Expires: 04/08/25

_____
(SIGNATURE OF NOTARY PUBLIC)

---

This Court, having conducted a probable cause determination for the above named subject finds:

[ ]   That **probable cause** for an arrest warrant for the subject **does exist**.
[ ]   That **probable cause does not exist** for an arrest warrant for the subject.

Dated this _____ day of _____, 20____ at _____ .m.


_____
JUDGE OF THE DISTRICT COURT