**OKLAHOMA DEPARTMENT OF MENTAL HEALTH
AND SUBSTANCE ABUSE SERVICES
OKLAHOMA FORENSIC CENTER**



August 9, 2021

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

AUG 2 4 2021

RICK WARREN
COURT CLERK
80_____

The Honorable Judge Ray C. Elliott
Judge of the District Court
Oklahoma County Courthouse
320 Robert S. Kerr, Ste. 611
Oklahoma City, OK 73102

RE:   YALARTAI, Gabriel (DOB: 3/10/1981)
    CF-20-2539

Dear Judge Elliott:

Pursuant to your order dated July 9, 2021, on August 9, 2021 I examined the above-named defendant for adjudicative competence on an outpatient basis, via videoconference (Healthcare Zoom), at the Oklahoma County Detention Center and have made the following determination. Notably, conducting adjudicative competence evaluations via videoconference is a deviation from a typical, in-person, face-to-face competency evaluation. While research into conducting adjudicative competence evaluations via videoconference is arguably still in its infancy, it is nonetheless cautiously supportive that videoconference evaluations can retain their reliability and validity for addressing adjudicative competency Court-ordered questions (reference available upon request). Therefore, it is my opinion that in this case, at no point did the nature of the videoconference format impact my ability to interact with Mr. Yalartai, his ability to interact with me, or the outcome of this evaluation. Additionally, it is my opinion that the results obtained are consistent with what I would have expected had I met with Mr. Yalartai in-person, face-to-face.

**PROCEDURES OF EVALUATION:**
1. Clinical interview (via Healthcare Zoom) on August 9, 2021, lasting a total of approximately five (5) minutes.
2. Review of the Application for Determination of Competency and the Order at the Hearing of the Application for Determination of Competency from the District Court of Oklahoma County for CF-20-2539, dated July 19, 2021.
3. Review of the Probable Cause Affidavit and Criminal Information Sheet for CF-20-2539.
4. Review of the Oklahoma County Detention Center Facility Admission Report for Gabriel Yalartai.
5. Review of the previous evaluation of adjudicative competence for CF-20-2539, completed by Peter Rausch, Ph.D., dated December 7, 2020.
6. Review of Oklahoma Forensic Center records; specifically, Initial Psychiatric Evaluation/Treatment Plan (10/14/20) and Discharge Summary (12/22/20).

**CRIMINAL INFORMATION AND REASON FOR REFERRAL:**
According to the available legal documents "on or about the 2nd day of June, 2020" Mr. Yalartai allegedly approached Kimberly Cummings at a gas station with "his hand in the pocket of his

August 9, 2021
YALARTAI, Gabriel
CF-20-2539
Page 2

hoodie and pointed his finger at her as if he was pointing a gun and demanded the keys to her car." Subsequently, Mr. Yalartai was charged with Robbery in the First Degree (CF-20-2539).

On August 3, 2020 an Application for Determination of Competency was filed. On August 21, 2020 Maurice Murunga, L.P.C opined that Mr. Yalartai did not meet statutory criteria for adjudicative competence, reportedly secondary to "being agitated with illogical thought processes" (as cited in Peter Rausch, Ph.D., competency evaluation for CF-20-2539, dated December 7, 2020). On August 20, 2020 an Order of Commitment was filed and Mr. Yalartai was sent to the Oklahoma Forensic Center for competency restoration (records summarized in collateral information section below). On December 4, 2020, after two months of inpatient competency restoration treatment, Peter Rausch, Ph.D. evaluated Mr. Yalartai on an inpatient basis for his adjudicative competence. In his December 7, 2020 report Dr. Rausch noted that Mr. Yalartai "was reportedly resistant to taking medication, but is currently prescribed and compliant in taking Haldol Decanote (50mgs, every two weeks) and Artane (5mgs, twice a day)." Dr. Rausch noted that Mr. Yalartai "is currently prescribed psychotropic medications and he is no longer endorsing or exhibiting any symptoms or signs of mental illness" and he opined that Mr. Yalartai met statutory criteria for adjudicative competence. Mr. Yalartai was returned to the Oklahoma County Detention Center, exact date unknown.

On July 19, 2021 Nicole Burns, Defense Attorney, filed an application for determination of competency alleging that since Mr. Yalartai has returned to the Oklahoma County Detention Center after competency restoration at the Oklahoma Forensic Center he has "expressed a delusional belief that he has served 101 years in the county jail. He states that when he pleads he will be immediately released." Additionally, it is alleged that Mr. Yalartai has displayed "irrational and erratic behavior...[and] without provocation displayed aggressive behavior" while detained. Subsequently, on said date, the District Court of Oklahoma County ordered that Mr. Yalartai be evaluated for his adjudicative competence.

**NOTIFICATION OF LIMITS OF CONFIDENTIALITY:**
Upon being greeted by this examiner Mr. Yalartai interrupts my attempts at introducing myself, stating with agitation "I don't want to talk to nobody." Mr. Yalartai was in the hallway surrounded by officers, one of whom attempted to persuade him to speak with me. On multiple occasions I attempted to inform Mr. Yalartai (in simple language) of the nature and purpose of this evaluation and the limitations of confidentiality. I attempted to inform Mr. Yalartai that meeting via videoconference was a deviation from how evaluations are typically conducted, that this was an evaluation for adjudicative competence, that the usual doctor-patient relationship did not exist, and that a report would be prepared and submitted to the referring court and both the prosecuting and defense attorneys and could be used in legal proceedings. Despite multiple simple attempts at explaining the nature and purpose of this evaluation and my role, he made the following statements: "Leave me alone. I don't want to talk to no f---ing doctor," "I don't want to talk to no doctor. I want to get out of jail and see my family. What you want to say? I understand my f---ing charges," and "take me back to my f---ing cell." Given Mr. Yalartai's agitation (marked by raised voice, cursing and pacing) this evaluation was concluded. Notably,

August 9, 2021
YALARTAI, Gabriel
CF-20-2539
Page 3

the one officer who attempted to persuade Mr. Yalartai to speak with me spontaneously reported "This is all I am getting, too." Mr. Yalartai's current mental state interferes with his ability to demonstrate that he understood the information conveyed to him regarding this evaluation.

## COLLATERAL INFORMATION:

*Legal History:* According to a records search on Oklahoma Supreme Court Network, Mr. Yalartai does not have a legal history outside of his current case. According to Oklahoma Department of Corrections Mr. Yalartai has not be incarcerated.

*Oklahoma Forensic Center (OFC):* According to records Mr. Yalartai was admitted on October 14, 2020 "from Oklahoma County by court order on status for treatment to restore adjudicative competence." Records indicate that prior to admission "The Oklahoma County stated that the patient was aggressive, trying to bite and spit on staff. As a result, he was isolated on their mental health unit. The county prescribed Haldol 5mg po BID but patient refused to take it." Upon admission Mr. Yalartai was noted to be "disorganized, tangential (replies to questions in an irrelevant way, i.e. pattern of speech that is irrelevant to its original objective or question asked; speech that constantly digresses to irrelevant topics and fails to arrive at the main point), and poorly groomed" with "poverty of speech (excessively brief speech with few elaborations) and appears to be thought blocking (train of expressed thought that suddenly stops, often in mid-sentence)." Additionally, he was noted to appear "to be responding to internal stimuli." Records indicate that during his admission Mr. Yalartai "went through a Harper hearing (non-judicial process to assess the need for involuntary administration of antipsychotic medications) so he is currently taking Haldol-D long acting injectable medication. He is on a low dose." On December 4, 2020 Peter Rausch, Ph.D. evaluated Mr. Yalartai on an inpatient basis for his adjudicative competence, opining that he met statutory criteria for adjudicative competence (reported dated December 7, 2020). Notably, OFC records indicate that his treating psychiatrist noted "he will likely refuse medications once he gets back to Oklahoma County jail." Mr. Yalartai was discharged on December 22, 2020.

*Oklahoma, County Detention Center:* According to Oklahoma County Detention Center personnel Mr. Yalartai does not have current mental health diagnoses. He is currently prescribed "Haldol Dec shot every two weeks;" however, on 8/9/21 he refused his medication. Mr. Yalartai is housed on the Mental Health unit and has no reports of suicidal ideation or suicidal attempts. However, when queried as to incidents of aggressive behaviors, Oklahoma County Detention Center personnel report that he is "aggressive a lot in chart."

## CURRENT MENTAL STATUS AND CLINICAL EVALUATION:

Mr. Yalartai is a 40-year-old Black male who appears disheveled. He is handcuffed. During this evaluation he paces back and forth while surrounded by detention officers. As explained in the Notification of Limits of Confidentiality section of this report Mr. Yalartai is initially agitated. As the evaluation progresses, he becomes increasingly agitated (marked by raised voice, cursing and pacing) and this evaluation is concluded.

August 9, 2021
YALARTAI, Gabriel
CF-20-2539
Page 4

### RELEVANT HISTORY FROM DEFENDANT:
Mr. Yalartai's current mental state makes gleaning an accurate psychosocial history from him impossible at this time. OFC records indicate that upon admission he denied previous psychiatric treatments; however, Mr. Yalartai's discharge summary indicated prior hospitalizations at "GMH [Griffin Memorial Hospital] (2x), Crisis center (3x), St. Anthony's south (1x)." OFC records also indicate that Mr. Yalartai denied outpatient mental health services, denied previous substance use, save tobacco, and denied previous suicide attempts.

**Court-Ordered Questions:**
1. If the person is able to appreciate the nature of the charges made against such person.

**NO.** Mr. Yalartai was recently opined to have been restored to adjudicative competence after a period of inpatient competence restoration at OFC which included forced injectable antipsychotic medication. Mr. Yalartai was then returned to the Oklahoma County Detention Center. Recently his defense counsel filed another application for determination of competency alleging that Mr. Yalartai was espousing delusions (erroneous beliefs for which there is no evidence, nor can the individual be persuaded to think otherwise) and that while detained he was displaying "irrational and erratic behavior...[and] without provocation displayed aggressive behavior." According to Oklahoma County Detention Center personnel Mr. Yalartai does not have current mental health diagnoses. He is currently prescribed "Haldol Dec shot every two weeks;" however, on 8/9/21 he refused his medication. Mr. Yalartai is housed on the Mental Health unit and has no reports of suicidal ideation or suicidal attempts. However, when queried as to incidents of aggressive behaviors, Oklahoma County Detention Center personnel report that he is "aggressive a lot in chart." During this evaluation Mr. Yalartai is initially agitated and as the evaluation progresses, he became increasingly agitated (marked by raised voice, cursing and pacing).

Given the totality of the data available to be me, it is my opinion that Mr. Yalartai's current mental state interferes with his present ability to demonstrate an appreciation of the nature of the charges against him.

2. If the person is able to consult with the lawyer and rationally assist in the preparation of the defense of such person.

**NO.** Mr. Yalartai was recently opined to have been restored to adjudicative competence after a period of inpatient competence restoration at OFC which included forced injectable antipsychotic medication. Mr. Yalartai was then returned to the Oklahoma County Detention Center. Recently his defense counsel filed another application for determination of competency alleging that Mr. Yalartai was espousing delusions (erroneous beliefs for which there is no evidence, nor can the individual be persuaded to think otherwise) and that while detained he was displaying "irrational and erratic behavior...[and] without provocation displayed aggressive behavior." According to Oklahoma County Detention Center personnel Mr. Yalartai does not have current mental health diagnoses. He is currently prescribed "Haldol Dec shot every two weeks;" however, on 8/9/21 he refused his medication. Mr. Yalartai is housed on the Mental


August 9, 2021
YALARTAI, Gabriel
CF-20-2539
Page 5

Health unit and has no reports of suicidal ideation or suicidal attempts. However, when queried as to incidents of aggressive behaviors, Oklahoma County Detention Center personnel report that he is "aggressive a lot in chart." During this evaluation Mr. Yalartai is initially agitated and as the evaluation progresses, he became increasingly agitated (marked by raised voice, cursing and pacing).

Given the totality of the data available to be me, it is my opinion that Mr. Yalartai's current mental state interferes with his present ability to demonstrate factual and rational understanding of the criminal justice system. His current mental state also interferes with his ability to consult with and rationally assist his attorney in his defense as he is unable to discuss the events and details surrounding his current legal situation, the potential evidence and its impact on his case, and his desired defense strategy without significant interference from his apparent mental illness. Furthermore, his current mental state will significantly interfere with his ability to form a working relationship and to work effectively with an attorney.

3. If the person is unable to appreciate the nature of the charges or to consult and rationally assist in the preparation of the defense, whether the person can attain competency within a reasonable period of time as defined by Section 1175.1 of this title if provided with a course of treatment, therapy, or training.

**YES.** Mr. Yalartai's current mental state interferes with his competency related abilities. He currently exhibits signs that are consistent with what is typically seen in individuals with a substantial mental illness, and typically respond well to psychotropic intervention. If presently provided with a course of treatment, therapy, or training Mr. Yalartai's mental state will likely be stabilized, as it has been in the past, so that his current mental status would no longer interfere with his competency related abilities.

4. If the person is a person requiring treatment as defined by Section 1-103 of Title 43A of the Oklahoma Statutes.

**YES.** Mr. Yalartai evidences signs that are consistent with mental illness and that meet the inpatient criteria of "a person requiring treatment" under Title 43A. According to Oklahoma County Detention Center personnel Mr. Yalartai does not have current mental health diagnoses. He is currently prescribed "Haldol Dec shot every two weeks;" however, on 8/9/21 he refused his medication. Mr. Yalartai is housed on the Mental Health unit and has no reports of suicidal ideation or suicidal attempts. However, when queried as to incidents of aggressive behaviors, Oklahoma County Detention Center personnel report that he is "aggressive a lot in chart."

5. If the person is incompetent because the person is intellectually disabled as defined in Section 1408 of Title 10 of the Oklahoma Statutes.

**NOT APPLICABLE.**

August 9, 2021
YALARTAI, Gabriel
CF-20-2539
Page 6

6. If the answers to question 4 and 5 are no, why the defendant is incompetent.

**NOT APPLICABLE.**

7. If the person were released, whether such person would presently be dangerous as defined in Section 1175.1 of this title.

**YES.** According to Section 1175.1 "dangerous" means a person who is a person requiring treatment as defined in Section 1-103 of Title 43A of the Oklahoma Statutes. This assessment of dangerous is limited to *present* behavior and based on observations during this evaluation and records provided by the court. Therefore, it is not an appraisal of risk of violence or self-harm in the future, as that is a separate and complex evaluation not under the scope of this evaluation.

Mr. Yalartai's current presentation makes an accurate assessment of his suicidal and/or homicidal ideation, intent, or plans impossible at this time. However, according to Oklahoma County Detention Center personnel Mr. Yalartai is housed on the Mental Health unit and has no reports of suicidal ideation or suicidal attempts. Notably, when queried as to incidents of aggressive behaviors, Oklahoma County Detention Center personnel report that he is "aggressive a lot in chart." Given the totality of the information available to me it is arguable that without treatment "there exists a substantial risk that severe impairment or injury will result to the person;" therefore he is presently considered dangerous, per statutory definition.

**SUMMARY:** Mr. Yalartai's current mental state significantly interferes with his present ability to appreciate the nature of his legal situation and to consult with and rationally assist his attorney in his defense, though given a period of treatment, therapy, or training it is likely that his mental state will stabilize, as it has been in the past, so that his current mental status would no longer interfere with his competency related abilities. Mr. Yalartai currently meets the inpatient criteria of "a person requiring treatment" under Title 43A and he currently meets the statutory criteria of dangerousness

Respectively submitted,

Samina R. Christopher, Ph.D.
Oklahoma Licensed Psychologist #933