IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HARMON D. YALARTAI, as Personal Representative of THE ESTATE OF GABRIEL YALARTAI, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.   CIV-23-1181-HE |
| THE OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, et al. | ) ) ) ) ) | |
| Defendants. | ) | |

### REPLY TO PLAINTIFF"S RESPONSES TO DEFENDANTS' MOTION TO DISMISS

Nothing in Plaintiff's Responses defeats the arguments raised in the Motion to Dismiss filed by Defendant Oklahoma County Criminal Justice Authority ("OCCJA") [Doc. 11] or the Oklahoma County Board of County Commissioners ("BOCC") [Doc 12]. Therefore, for the reasons set forth in the Motions to Dismiss and as further demonstrated below, Plaintiff's Complaint should be dismissed in its entirety.

### ARGUMENT AND AUTHORITIES

As a preliminary matter, the mere fact Plaintiff attached exhibits to his Responses and added additional citations to local media outlets, which are not alleged in his Complaint, can only be viewed as a tacit admission that his Complaint fails to state a plausible claim for relief.

Page | 1

Even so, the law does not allow a plaintiff to amend his complaint via a response to a motion to dismiss. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). To the contrary, it is well established that it is the face of the complaint, not additional facts alleged in a responsive brief, which must be reviewed for sufficiency under Rule 12(b)(6). *Id.* The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted) (emphasis added).

Regardless, even with the impermissibly attached exhibits and the vague references to the media reporting on other deaths at the jail, Plaintiff's attempt to bolster the allegations in the Complaint falls short and cannot withstand dismissal.

I. THE COMPLAINT FAILS TO PLAUSIBLY ALLEGE DELIBERATE INDIFFERENCE BY EITHER DEFENDANT.

In his Response, Plaintiff contends the Complaint contains sufficient factual content to satisfy the subjective component of the deliberate indifference standard. [Docs. 13 & 14 at 9]. Supporting his argument, he points to paragraph 28 and the allegation that Gabriel was housed on 12 Charlie, in a mental health unit. Next, he points to paragraphs 29-32, and the investigation conducted by Daniel Lazar following Gabriel's death. To bolster this point, he quotes to the Criminal Probable Cause Affidavit, which is **not** mentioned in the Complaint and prepared after Gabriel's death, to support criminal charges against former detention officer, Jesse

Page | 2

Kight. Third, he relies on two Orders of Commitment and a letter drafted by a psychologist four months prior to Gabriel's suicide that addressed Gabriel's competency to stand trial. Again, the letter from the psychologist and the second Order of Commitment <u>**are not**</u> mentioned in the Complaint. Nonetheless, the above offers no support to the deliberate indifference analysis.

First, the mere fact that Gabriel was assigned a "mental health status" does not equate to a known suicide risk. *See Estate of Nathan Timothy Simon v. Van Beek,* 2023 WL 8544800 * 2 (10th Cir. December 11, 2023) (unpublished). In *Simon,* the Tenth Circuit rejected the inference that supervisors had actual knowledge of Simon's risk of suicide based upon the fact a referral for a mental health assessment was emailed to the sheriff's office and to the jail. Reversing the denial of qualified immunity on the supervisory liability claims, the Court noted the absence of allegations "that any of the supervisors monitored this email or that they were informed about the email." *Id.* The Court further pointed out the referral did not mention suicide. *Id.* For these same reasons, the criminal investigation and subsequent affidavit signed by Investigator Lazar to support his referral for criminal charges by the Oklahoma County District Attorney's Office offers no solace to Plaintiff. Notably, Defendants cited this case in their Motions to Dismiss, but Plaintiff did not address it in his Responses.

Finally, the two Orders for Commitment and the letter from a psychologist, retained to determine Gabriel's competency to stand trial, fail to mention a

substantial risk of suicide, and therefore, knowledge cannot be inferred from these documents. *Id.* In fact, on page three of the psychologist's letter that Plaintiff attached to his Response, specifically states, "According to the Oklahoma County Detention Center Personnel, Mr. Yalartai does not have a current mental health diagnosis." … "Mr. Yalartai is housed on the Mental Health unit and **has no reports of suicidal ideation or suicidal attempts.**" [Doc. 13-2; Doc. 14-2]. (Emphasis added). The report did note, however, that Mr. Yalartai had documented incidents of "aggressive behaviors." *Id.*

    II.    **THE ALLEGATIONS IN THE COMPLAINT DO NOT STATE A PLAUSIBLE MUNICIPAL LIABILITY CLAIM.**

To hold a governmental entity liable under *Monell,* Plaintiff must first identify a policy, custom, or practice. *See Est. of Burgaz v. Bd. of Cnty. Commr. for Jefferson Cnty. Colorado*, 30 F.4th 1181, 1189 (10th Cir. 2022). Second, he must show that the identified policy, custom, or practice caused the constitutional injury. *George v. Beaver Cty,* 32 F.4th 1246, 1253 (10th Cir. 2022). Finally, he must show that the municipality enacted or maintained the policy with deliberate indifference to the risk of that injury occurring. *Id.*

In his Response, Plaintiff points to sight check failures documented by the Oklahoma State Department of Health ("OSDH") and training and supervision deficiencies. [Doc. 13, at 11- 14].

### A. Sight Checks

The Complaint fails to link the alleged sight check deficiencies to his constitutional injury. In fact, even accepting his allegations as true, there is no factual basis in the Complaint that would allow the Court to infer that the missed sight checks noted by OSDH led to any inmate suicide. In his Response, Plaintiff cites an article published in the Oklahoman on May 14, 2023, and local media reports, identifying nine inmate suicides since OCCJA took over jail operations on July 1, 2020. [Doc. 13-4; Doc. 14-4]. Again, the Complaint does not contain any factual content that would allow this Court to infer that any of the nine reported suicides were the product of missed sight checks.

More significantly, according to the article in the Oklahoman, a total number of twenty (20) deaths have occurred since the OCCJA took over jail operations on July 1, 2020, and Gabriel's suicide on December 26, 2021. [Doc. No. 13-4; 14-4]. Out of those twenty (20) deaths, fourteen (14) were from COVID, some illness, or unknown causes. *Id.* In other words, seventy percent of the deaths had nothing to do with sight checks, training, supervision, or any unconstitutional action by the OCCJA or the BOCC.

While there were three suicides during this same period, Plaintiff never identified them in his Complaint, let alone provided any factual content to show that the suicides are similar enough to be considered as part of a policy or custom. *See Waller v. City & Cnty. of Denver,* 932 F.3d 1277, 1290 (10th Cir.) (finding that prior

incidents of excessive use of force were too different from the plaintiff's claim and could not be considered as part of a policy or custom).

Moreover, the Complaint lacks the necessary factual details to reasonably infer that any OCCJA policymaker or BOCC policymaker was aware of suicides attributable to missed sight checks. The fact that Defendant Kight was fired and criminally prosecuted demonstrates the opposite, i.e., missed sight checks will not be tolerated.

### B.  Training and Supervision.

The Complaint also alleges a custom or policy based upon deficiencies in training and supervising detention officers. "Municipal liability is 'most tenuous where a claim turns on failure to train." *Id.*

Here, Plaintiff relies on a report issued by the National Institute of Correction. However, a failure to train or supervise claim requires a constitutional violation by an individual officer. The fact that Defendant Kight failed to conduct the required sight checks does not establish a constitutional violation without knowledge that Gabriel was suicidal or at risk of committing suicide. The Complaint is devoid of any factual content to demonstrate knowledge of a suicide risk and the failure to take reasonable steps to alleviate that risk. *See Burgaz,* 30 F.4th at 1186. Plaintiff alleges that Defendant Kight's guilty plea proves he acted with deliberate indifference. [Doc. 1, at ¶48]. However, as demonstrated in the Probable Cause Affidavit he submitted with his Response, Defendant Kight was prosecuted for

falsifying the sight check log and for abandoning his assigned post. [Doc. 13-1 and 14-1 at 4]. Instead of performing his assigned duties on the 12th Floor, he was on other floors of the jail. *Id.* There is nothing in the Complaint or the additional documents attached to the Responses to support an inference that Defendant Kight failed to alleviate a known risk of suicide. To establish a constitutional violation requires actual knowledge. *See Burgaz, supra.* "An official's failure to alleviate a significant risk of which he was **unaware**, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not a constitutional violation." *Id.* (Emphasis added).

## CONCLUSION

For the reasons set forth in the Motion to Dismiss and the additional argument above, Defendants Oklahoma County Criminal Justice Authority and the Board of County Commissioners respectfully pray that this Honorable Court will grant the Motions to Dismiss in all respects.

Respectfully Submitted,

VICKI ZEMP BEHENNA
DISTRICT ATTORNEY

/s/ Carri A. Remillard
Carri A. Remillard (OBA #21539)
Assistant District Attorney
211 N. Robinson, Suite 700 N
Oklahoma City, OK  73102
Telephone: (405) 713-1600
Facsimile: (405) 713-1749
carri.remillard@oklahomacounty.org

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF MAILING

This is to certify that a true and correct copy of the above and foregoing document was served on the Plaintiff's counsel, who are registered participants of the ECF case filing system:

NICK LARBY
T. LUKE ABEL

ATTORNEYS FOR PLAINTIFF

s/Carri A. Remillard