IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARMON D. YALARTAI, as Personal Representative of the Estate of GABRIEL YALARTAI, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>JESSE KIGHT, Individually and in his official capacity; OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY; BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF OKLAHOMA,<br><br>Defendants. | NO. CIV-23-1181-HE |

## ORDER

Plaintiff Harmond D. Yalartai filed this case as the personal representative of the estate of Gabriel Yalartai. The complaint alleges that on December 26, 2021, Gabriel Yalartai, a pretrial detainee in the Oklahoma County Jail ("Jail"), was found hanging in his cell and was pronounced dead minutes after he was found. The complaint alleges that although Gabriel Yalartai was housed on the twelfth floor of the Jail, where 30 minute sight checks of all inmates assigned to "mental health status" were required to be performed, no sight checks were performed on Garbriel Yalartai from approximately 5:00 p.m. on December 25, 2021, until he was found dead in his cell at approximately 4:30 a.m. on December 26, 2021. On December 25, 2023, plaintiff filed this case alleging a § 1983

claim for deliberate indifference to serious medical needs.[1]  Defendants Oklahoma County Criminal Justice Authority ("OCCJA") and Oklahoma County Detention Center ("OCDC") have filed motions to dismiss arguing that the complaint fails to establish a constitutional violation.

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not be accepted as true by the court.  Id.  Thus, dismissal under Rule 12(b)(6) is only appropriate "if the complaint alone is legally insufficient." Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1104-05 (10th Cir. 2017) (citation omitted).

## Discussion

Deliberate indifference to serious medical needs claims contain both objective and subjective components.  Estate of Beauford v. Mesa Cty., Colo., 35 F.4th 1248, 1262 (10th Cir. 2022).  "[T]he focus of the objective component is the seriousness of the plaintiff's

---

[1] Plaintiff seeks an award of punitive damages in his second cause of action.

alleged harm, while the focus of the subjective component is the mental state of the defendant with respect to the risk of that harm." *Id.* The objective prong of this claim has been met due to Gabriel Yalartai's death. The subjective prong requires a plaintiff to establish that a prison official had a sufficiently culpable state of mind, and in this case, that state of mind is one of deliberate indifference to inmate health or safety. *See id.* "Deliberate indifference means the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1262-63.

Although the question is close, the court concludes the complaint does not presently allege facts sufficient to establish the subjective prong. Specifically, the complaint does not identify any specific mental health condition or diagnosis of Gabriel Yalartai or directly allege that he was assigned to "mental health status" at the Jail. It does allege a prior competency determination made on August 27, 2020, sixteen months before his death, but that does not necessarily support a reasonable inference of knowledge of a mental illness or a substantial risk of suicide. *See* Cooper v. Oklahoma, 517 U.S. 348, 368 (1996) (finding commitment and competency proceedings address entirely different substantive issues). Various of the factual allegations made in plaintiff's response brief would likely remedy the deficiencies if considered, but the question here is the sufficiency of the complaint, not the sufficiency of the complaint as supplemented by claimed facts outside its scope.

The court therefore concludes plaintiff has failed to plausibly plead a deliberate indifference to serious medical needs claim. In the absence of sufficient facts to show an

underlying constitutional violation, it is unnecessary to consider now whether a basis for municipal liability is sufficiently alleged.

## Conclusion

For the reasons set forth above, OCCJA's motion to dismiss [Doc. #11] and OCDC's motion to dismiss [Doc. #12] are **GRANTED** and the complaint is dismissed. As it appears likely plaintiff can plead a plausible § 1983 claim for deliberate indifference to serious medical needs claim, he is granted leave to file an amended complaint within **fourteen (14) days** from the date of this order. Absent the filing of an amended complaint, judgment will be entered dismissing this case.

**IT IS SO ORDERED**.

Dated this 19th day of April, 2024.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE