# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HARMON D. YALARTAI, as Personal Representative of the Estate of GABRIEL YALARTAI, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-23-1181-HE |
| JESSE KIGHT, Individually and in his official capacity; OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY; BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF OKLAHOMA, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Harmond D. Yalartai filed this case as the personal representative of the estate of Gabriel Yalartai. The First Amended Complaint alleges that on December 26, 2021, Gabriel Yalartai, a pretrial detainee in the Oklahoma County Jail ("Jail"), was found hanging in his cell and was pronounced dead minutes after he was found. The complaint alleges that although Gabriel Yalartai was assigned to Mental Health Status and housed on the twelfth floor of the Jail, where 30 minute sight checks of all inmates assigned to "mental health status" were required to be performed, no sight checks were performed on Garbriel Yalartai from approximately 5:00 p.m. on December 25, 2021, until he was found dead in his cell at approximately 4:30 a.m. on December 26, 2021. On December 25, 2023, plaintiff filed this case alleging a § 1983 claim for deliberate indifference to serious medical

needs.[1] Defendants Oklahoma County Criminal Justice Authority ("OCCJA") and Oklahoma County Detention Center ("OCDC") have filed a motion to dismiss arguing that the complaint fails to establish a constitutional violation and fails to state a plausible municipal liability claim.

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not be accepted as true by the court. *Id.* Thus, dismissal under Rule 12(b)(6) is only appropriate "if the complaint alone is legally insufficient." Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1104-05 (10th Cir. 2017) (citation omitted).

## Discussion

**A.    Deliberate indifference claim**

Deliberate indifference to serious medical needs claims contain both objective and subjective components. Estate of Beauford v. Mesa Cnty., Colo., 35 F.4th 1248, 1262

---

[1] *Plaintiff seeks an award of punitive damages in his second cause of action.*

(10th Cir. 2022). "[T]he focus of the objective component is the seriousness of the plaintiff's alleged harm, while the focus of the subjective component is the mental state of the defendant with respect to the risk of that harm." *Id.* The objective prong of this claim has been met due to Gabriel Yalartai's death. The subjective prong requires a plaintiff to establish that a prison official had a sufficiently culpable state of mind, and in this case, that state of mind is one of deliberate indifference to inmate health or safety. *See id.* "Deliberate indifference means the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1262-63.

The court concludes the complaint alleges sufficient facts to establish the subjective prong. Specifically, the amended complaint alleges that Gabriel Yalartai was assigned to Mental Health Status and placed in 12 Charlie Pod. It further alleges that 12 Charlie Pod requires thirty (30) minute sight checks of all inmates assigned to "mental health status" to ensure inmate safety and to prevent adverse events. Additionally, the amended complaint alleges Defendants BOCC and OCDC were aware of the pattern and practice amongst jailers in failing to perform adequate site checks for inmates with known mental health issues. The court therefore concludes plaintiff has sufficiently plead a deliberate indifference to serious medical needs claim.

B.  **Municipal Liability Claim**

"To state a claim against a municipal entity, a plaintiff must allege facts showing (1) an official policy or custom, (2) causation, and (3) deliberate indifference." *Id.* at 1145. An official policy may be shown by:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions — and the basis for them — of subordinates to whom authority was delegated subject to these policymaker's review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

Waller v. City and Cnty. of Denver, 932 F.3d 1277, 1283 (10th Cir. 2019) (citation omitted). Defendants assert that plaintiff has failed to state a plausible municipal liability claim because he has failed to allege any facts demonstrating the existence of a custom or policy that caused a violation of Gabriel Yalartai's constitutional rights.

The court concludes the complaint alleges sufficient facts to demonstrate the existence of a custom or policy. Plaintiff alleges that in May 2021, the National Institute of Corrections provided a report to defendants stating that the jail had a lack of policies and procedures for sight checks and medical care, and in June and October of 2021, the Oklahoma State Department of Health found defendants to be in continued non-compliance with conducting sight checks. Plaintiff further alleges that defendants were aware of the pattern and practice amongst jailers in failing to perform adequate sight checks for inmates

4

with known mental health issues.  The court concludes these allegations are sufficient to show an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.  The court therefore concludes plaintiff has sufficiently pled a municipal liability claim.

## Conclusion

For the reasons set forth above, OCCJA and OCDC's motion to dismiss [Doc. #19] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of October, 2024.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE